| | |
|---|---|
| TRACY KAYE LILLIE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EQUIFAX INFORMATION SERVICES LLC;<br>EXPERIAN INFORMATION SOLUTIONS,<br>INC., and U.S. BANK NATIONAL<br>ASSOCIATION,<br><br>　　　　Defendants. | Case No. 7:26-cv-00185-BO-BM<br><br>**EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES** |

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

## PRELIMINARY STATEMENT

## COMPLAINT ¶1:

This is an action for statutory, actual, and punitive damages; costs; and attorney's fees brought pursuant. to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶2:**

The purpose of the FCRA is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, *accuracy*, relevancy, and proper utilization of such information." 15 U.S.C. § 1681 (emphasis added). In furtherance of its underlying purposes, the FCRA sets out requirements and obligations that consumer reporting agencies, § 1681i, and their furnishers of information, § 1681s-2(b), must follow when consumers dispute the accuracy of the information reported in their credit reports.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶3:**

This case concerns Defendants' reporting of Plaintiff and her husband's US Bank mortgage tradeline as having begun foreclosure proceedings, when no such proceedings had in fact ever happened.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶4:**

Accordingly, Plaintiff brings claims against Equifax and Experian for failing to reasonably assure the maximum possible accuracy of Plaintiff's credit reports in violation of the FCRA, 15

U.S.C. § 1681e(b), and for their failure to fulfill their reinvestigation duties in violation of the FCRA, 15 U.S.C. § 1681i.

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶5:**

Plaintiff also brings claims against US Bank for failing to fully and properly investigate Plaintiff's disputes and to review all relevant information provided by the consumer reporting agencies in violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### THE PARTIES

**COMPLAINT ¶6:**

Plaintiff Tracy Kaye Lillie is a natural person who resides in the Town of Wallace, County of Duplin, State of North Carolina, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff is a natural person and qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶7:**

Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company authorized to do business in the State of North Carolina, including in the Eastern District.

325586633v.1

**ANSWER:**

Equifax admits that it is a limited liability company that is registered to do business in the State of North Carolina.

**COMPLAINT ¶8:**

Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶9:**

Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation authorized to do business in the State of North Carolina, including in the Eastern District.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶10:**

Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325586633v.1

**COMPLAINT ¶11:**

Defendant U.S. Bank National Association is a commercial bank authorized to do business in the State of North Carolina, including the Eastern District. US Bank is a credit grantor and "furnisher" of consumer information, as defined in 15 U.S.C. § 1681s-2(b).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## JURISDICTION AND VENUE

**COMPLAINT ¶12:**

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶13:**

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

## FACTS

### Summary of the Fair Credit Reporting Act

**COMPLAINT ¶14:**

The FCRA governs the conduct of consumer reporting agencies to preserve the integrity of the consumer banking system and to protect the rights of consumers to fairness and accuracy in the reporting of their credit information.

325586633v.1

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶15:**

The purpose of the FCRA is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personal, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information...." 15 U.S.C. § 1681(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶16:**

The FCRA further requires that when preparing consumer reports a consumer reporting agency must follow "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

325586633v.1

**The Credit Bureau Defendants' Processing of Credit Information**

**COMPLAINT ¶17:**

The Credit Bureau Defendants regularly receives information about consumers from various sources around the country including banks, credit unions, automobile dealers, student loan providers, public information vendors, and others.

**ANSWER:**

Equifax admits that, at times, it independently obtains consumer information from third-parties. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶18:**

These sources are known as "furnishers" within the credit reporting industry and under the FCRA.

**ANSWER:**

Equifax admits that, at times, it receives information from "furnishers," but denies that it violated the FCRA. Equifax denies any remaining allegations in this paragraph.

**COMPLAINT ¶19:**

The Credit Bureau Defendants collect information from thousands of furnishers.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:**

The process by which the Credit Bureau Defendants receive, sort, and store information is largely electronic.

325586633v.1

**ANSWER:**

Equifax admits that electronic means are used at times, but lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶21:**

Furnishers report credit information to the Credit Bureau Defendants through the use of coded tapes that are transmitted to them on a monthly basis through software known as Metro 2.

**ANSWER:**

Equifax admits that Metro 2 is a lexicon used by the credit reporting industry, but denies that it is the only one used. Equifax denies any remaining allegations in this paragraph.

**COMPLAINT ¶22:**

The Credit Bureau Defendants take the credit information reported by furnishers and creates consumer credit files.

**ANSWER:**

Equifax admits that Metro 2 is a lexicon used by the credit reporting industry, but denies that it is the only one used. Equifax denies any remaining allegations in this paragraph.

**COMPLAINT ¶23:**

The Credit Bureau Defendants maintain credit files on more than 200 million consumers.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶24:**

Credit files are updated electronically by the furnishers to reflect new information regarding the reported accounts (sometimes referred to within the industry as "tradelines").

325586633v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### Plaintiff and Her Husband Obtain a Home Mortgage Loan in November 2012

**COMPLAINT ¶25:**

On November 1, 2012, Plaintiff and her husband, Brian James Lillie (collectively, the "Lillies"), obtained a home mortgage loan (the "mortgage") from US Bank for a property located in Kannapolis, North Carolina.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶26:**

From 2012 until approximately June 2020, the Lillies made all timely payments pursuant to the terms of their mortgage with US Bank.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### US Bank Offers and The Lillies Obtain Mortgage Forbearance During the COVID-19 Pandemic

**COMPLAINT ¶27:**

In approximately June 2020, US Bank contacted the Lillies about mortgage forbearance plans being offered by US Bank.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325586633v.1

<u>**COMPLAINT ¶28:**</u>

Faced with financial uncertainties because of the economic downturn caused by the pandemic, the Lillies accepted one of the forbearance plans being offered by US Bank.

<u>**ANSWER:**</u>

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

<u>**COMPLAINT ¶29:**</u>

The terms of that plan included a twelve-month forbearance of payments with no interest accumulating during the forbearance period. At the end of the forbearance period, the Lillies were to resume payments at the previous rate with the twelve-month forbearance added to the previous end of the mortgage term.

<u>**ANSWER:**</u>

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

<u>**COMPLAINT ¶30:**</u>

In accordance with that plan, the Lillies did not make payments on their mortgage for that period of time (June 2020 through June 2021).

<u>**ANSWER:**</u>

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**The Lillies' Efforts to Reinstate the Mortgage Between June 2021 and August 2022**

<u>**COMPLAINT ¶31:**</u>

In approximately June 2021, twelve months after the mortgage forbearance plan began, the Lillies contacted US Bank to arrange the resumption of payments.

<u>**ANSWER:**</u>

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325586633v.1

**COMPLAINT ¶32:**

To their surprise, the US Bank representative informed the Lillies they could not simply resume payment. Instead, the Lillies were informed that they would have to first complete the "mortgage assistance process" due to changes in their income in the preceding year.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶33:**

US Bank also extended the forbearance plan until October 2021 to allow additional time for the Lillies to complete this process and stated it would be sending the Lillies a letter with further instructions for completing the mortgage assistance process.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶34:**

In approximately September 2021, having received no correspondence from US Bank, Brian Lillie contacted US Bank again. This time, the representative informed him of the necessary materials the Lillies would need to provide US Bank to resume payment on their mortgage.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶35:**

Between October 2021 and July 2022, the Lillies made numerous submissions and complied with each and every one of the multiple document requests by US Bank in order to complete the mortgage assistance process and resume payment on the mortgage.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325586633v.1

**COMPLAINT ¶36:**

For reasons that were not made clear to the Lillies, their submissions were repeatedly rejected and follow-up requests were made. Each time this happened, the Lillies complied in full but continued to have their submissions rejected or failed to hear back from US Bank.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶37:**

Each time one of the Lillies spoke to a representative of US Bank on the phone they were explicitly told they could not begin making payments on the mortgage until the mortgage assistance process was complete and that there would be no impact on their credit history or scores.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶38:**

Finally, after several months of back and forth and Kafkaesque cycles of document requests, re-requests, submissions, and re-submissions, the Lillies spoke to a US Bank representative who informed them their submissions were being rejected because they were electronically signing their submissions, instead of signing in ink.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶39:**

Finally, in late July 2022, after following the instructions to sign the submissions in ink, the Lillies received a package from US Bank with instructions for resuming payments on the mortgage.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325586633v.1

**COMPLAINT ¶40:**

On July 29, 2022, the Lillies received written correspondence from US Bank entitled, "Repayment plan offer," which specifically outlined the repayment plan terms and stated, in relevant part, as follows:

ACT NOW!

**To prevent foreclosure**

The following must be done by August 12, 2022:

- Accept this offer by sending us your first total monthly payment amount of $7,883.92.

If you do not send a payment by the above deadline, we may refer the mortgage to foreclosure.

**To accept this offer**

You must send your first total monthly payment amount noted above on or before September 01, 2022.

If you do not send your first total monthly payment amount by September 01, 2022, this offer is revoked at that time and we may refer the mortgage to foreclosure or, if applicable, continue foreclosure proceedings, and a foreclosure sale may occur.

(emphasis in original).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶41:**

Even though the proposed plan did not at all reflect the offer that was made to them in June 2020 as part of the original forbearance plan, the Lillies resumed making payments on the mortgage. Their first payment on the revised repayment plan was August 10, 2022, prior to the August 12, 2022, deadline.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

- 13 -

**COMPLAINT ¶42:**

Soon thereafter, the Lillies placed their home on the market and received a final payoff amount from US Bank that was good through the end of September 2022. The Lillies sold their home prior to that date and paid off the mortgage in full in September 2022.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Plaintiff Discovers US Bank's Inaccurate Reporting in April 2024 After She and Her Husband's Mortgage Loan Application is Denied by Alcova Mortgage**

**COMPLAINT ¶43:**

In early April 2024, Plaintiff and her husband found their dream home in Wallace, North Carolina.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶44:**

On or about April 15, 2024, Plaintiff and her husband jointly applied for mortgage financing through Alcova Mortgage LLC ("Alcova").

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶45:**

Shortly after submitting their joint credit application, Plaintiff and her husband were informed by Alcova that their credit application had been denied and that Alcova was unable to move forward with financing their mortgage loan because, based on the contents of their credit reports, foreclosure proceedings had begun on their previous mortgage loan through US Bank.

- 14 -

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶46:**

As of April 15, 2024, both Equifax and Experian were falsely reporting Plaintiff's US Bank mortgage tradeline as having been subject to foreclosure proceedings, and both Equifax and Experian published such false information to Alcova, causing Plaintiff and her husband to be denied credit they were otherwise qualified to obtain.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶47:**

Plaintiff and her husband were shell-shocked upon hearing this news, as they knew, as fiscally responsible consumers, that they had fully and completely complied with US Bank's repayment plan and, consequently, according to US Bank's own word and repeated representations, no foreclosure proceedings had ever begun on their mortgage account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶48:**

Shortly thereafter, Plaintiff obtained a copy of her credit report and discovered, much to her shock and surprise, that US Bank, as well as Equifax and Experian, was reporting the mortgage as having started foreclosure, despite US Bank's previous, repeated assurances that 1) the mortgage would not be referred to foreclosure if the Lillie's complied with all terms of the repayment plan offered to them on July 29, 2022 (which they did), and 2) there would be no harm or negative impact to the Lillies' credit reporting until the mortgage assistance process was finalized.

**ANSWER:**

Equifax admits that, at times, US Bank has furnished information to it concerning Plaintiff.

Equifax lacks knowledge or information sufficient to form a belief regarding the remaining

allegations in this paragraph and, on that basis, denies the allegations contained therein.

325586633v.1

**COMPLAINT ¶49:**

Upon discovery of this inaccurate reporting, the Lillies immediately submitted a dispute to US Bank.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶50:**

On April 20, 2024, US Bank sent the Lillies a letter stating, in relevant part, that "[b]ased on our investigation, we have determined that the account information submitted by U.S. Bank to the consumer reporting agencies is accurate...US bank is reporting that a foreclosure was started on [sic] account. The foreclosure was stopped on 10.4.22.Details are Details [sic] are reflected accurately, no changes made."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶51:**

US Bank and the Credit Bureau Defendants continued reporting Plaintiff's US Bank mortgage tradeline inaccurately thereafter.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**The Credit Bureau Defendants' Inaccurate Credit Reporting as of June 2025**

**COMPLAINT ¶52:**

In June 2025, wanting to ensure the inaccurate reporting was corrected once and for all, Plaintiff obtained a copy of her credit reports, including from Equifax and Experian.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325586633v.1

**COMPLAINT ¶53:**

Upon review, Plaintiff discovered that Equifax and Experian were reporting her US Bank mortgage tradeline inaccurately as follows:

a. Equifax:

US Bank
Account Number: *6251
Date opened: 11/01/2012
Owner: Joint Account
Loan/Account Type: Conventional Re Mortgage
Narrative Codes: 116, 127, 152
(Narrative Code 116: Account Paid After Foreclosure Started)

b. Experian:

US BANK HOME MORTGAGE
Account Number: 7608XXXXXXXXXX
Date Opened: 11/01/2012
Account Type: Mortgage
Responsibility: Joint with BRIAN J LILLIE
Status: Paid, Closed.
Payment History: Foreclosure proceeding started as of Sep 2022

**ANSWER:**

Equifax admits that, at times, US Bank has furnished information to it concerning Plaintiff. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Plaintiff's First Dispute with the Credit Bureau Defendants in July 2025**

**COMPLAINT ¶54:**

On or about July 17, 2025, Plaintiff sent, via certified mail, letters to Equifax and Experian, respectively, disputing US Bank's inaccurate reporting of her and her husband's mortgage as having started foreclosure.

- 17 -

**ANSWER:**

Equifax admits that on July 22, 2025, it received a letter from Plaintiff concerning the US Bank account. Equifax denies reporting inaccurate information and denies the remaining allegations in this paragraph.

**COMPLAINT ¶55:**

Plaintiff provided sufficient personal identification information to verify her identity, a letter supporting the repayment plan the Lillies agreed to and complied with before foreclosure started, and a detailed explanation of the history of the mortgage, the forbearance, and why US Bank had never started foreclosure proceedings despite its inaccurate credit reporting to the contrary.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶56:**

Plaintiff requested that Equifax and Experian reinvestigate the disputed information and correct their reporting.

**ANSWER:**

Equifax admits that on July 22, 2025, it received a letter from Plaintiff concerning the US Bank account. Equifax denies the remaining allegations in this paragraph.

**The Consumer Reporting Agencies' Method for Considering Consumer Credit Report Disputes**

**COMPLAINT ¶57:**

The credit industry has constructed a method of numeric-alpha codes for considering consumer credit report disputes. *See* 15 U.S.C. § 1681i(a)(5)(D).

**ANSWER:**

Equifax admits that it has implemented an automated system through which furnishers of information may report the results of a reinvestigation to it but denies the remaining allegations in this paragraph.

- 18 -

**COMPLAINT ¶58:**

Consumer reporting agencies Equifax, Experian, Trans Union, and Innovis have thus created the Online Solution for Complete and Accurate Reporting, or e-OSCAR, as the credit industries' standard of performance. e-OSCAR allows data furnishers to create and respond to disputes initiated by consumers by routing credit reporting agency-created prompts for automated consumer dispute verifications to the appropriate data furnishers. e-OSCAR utilizes a numeric-alpha language specific to the credit reporting industry.

**ANSWER:**

Equifax admits that the e-OSCAR system uses a specific lexicon, but denies that is the only one used. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶59:**

That lexicon or unique language is commonly referred to in the credit reporting industry as "Metro II." It is also known industry wide as the CDIA' s "Credit Reporting Resource Guide."

**ANSWER:**

Equifax admits that Metro 2 is a lexicon used by the credit reporting industry, but denies that it is the only one used. Equifax further denies the remaining allegations in this paragraph.

**COMPLAINT ¶60:**

Metro II is driven by numeric codes that translate into specific alpha representations about consumers' creditworthiness and character that will ultimately appear on credit reports issued to third parties who make credit, insurance, rental, and employment decisions regarding consumers.

**ANSWER:**

Equifax admits that the Metro 2 lexicon includes numeric codes that translate into representations that may appear on credit reports issued to third parties. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶61:**

Metro II codes are used on an industry wide form known within the credit industry as an Automated Credit Dispute Verification ("ACDV") electronic form.

325586633v.1

**ANSWER:**

Equifax admits that the Metro 2 lexicon is used with ACDVs. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶62:**

The ACDVs have many fields in their body for use in effecting thorough and complete communications between data furnishers and the credit reporting agencies.

**ANSWER:**

Equifax admits the allegations in this paragraph.

**COMPLAINT ¶63:**

These ACDV "fields" have various titles for the many substantive areas into which the Metro II codes can be entered.

**ANSWER:**

Equifax admits the allegations in this paragraph.

**The Credit Bureau Defendants' Responses to Plaintiff's July 2025 Disputes**

**COMPLAINT ¶64:**

Equifax and Experian, respectively, sent ACDVs to US Bank regarding the disputed mortgage tradeline, account number ending 6251.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶65:**

US Bank verified for both of the Credit Bureau Defendants that the US Bank mortgage tradeline was accurately reporting on Plaintiff's credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325586633v.1

**COMPLAINT ¶66:**

On July 25, 2025, Equifax sent dispute results to Plaintiff confirming it failed to remove the "Account Paid After Foreclosure Started" notation from its reporting of Plaintiff's US Bank mortgage tradeline.

**ANSWER:**

Equifax admits that on July 25, 2025, it sent Plaintiff reinvestigation results, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶67:**

On July 29, 2025, Experian sent Plaintiff a letter summarizing the dispute process. Experian provided no indication it corrected its inaccurate reporting of the US Bank mortgage tradeline.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶68:**

By failing to consider all of the supporting information and documentation Plaintiff provided with her dispute letters and correct their inaccurate reporting of Plaintiff's US Bank mortgage tradeline, Equifax and Experian failed to conduct a reasonable reinvestigation of Plaintiff's July 2025 disputes, or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶69:**

By failing to correct its inaccurate reporting of Plaintiff's US Bank tradeline as having been in foreclosure and communicate the same to the Credit Bureau Defendants, US Bank failed to conduct a reasonable investigation of the disputed information and failed to review all relevant information made available to it by Plaintiff and the Credit Bureau Defendants, in violation of 15 U.S.C. § 1681s-2(b)

**ANSWER:**

Equifax denies the allegations in this paragraph.

- 21 -

325586633v.1

**Plaintiff's Second Dispute with the Credit Bureau Defendants in September 2025**

**COMPLAINT ¶70:**

On or about September 23, 2025, Plaintiff again sent, via certified mail, letters to Equifax and Experian, respectively, disputing US Bank's inaccurate reporting of her and her husband's mortgage as having started foreclosure.

**ANSWER:**

Equifax admits that on September 27, 2025, it received a letter from Plaintiff concerning the US Bank account, the contents of which speak for themselves. Equifax denies reporting inaccurate information and denies the remaining allegations in this paragraph.

**COMPLAINT ¶71:**

Plaintiff again provided sufficient personal identification information to verify her identity, a letter supporting the repayment plan the Lillies agreed to and complied with before foreclosure started, and a detailed explanation of the history of the mortgage, the forbearance, and why US Bank had never started foreclosure proceedings despite its inaccurate credit reporting to the contrary.

**ANSWER:**

Equifax admits that on September 27, 2025, it received a letter from Plaintiff concerning the US Bank account. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶72:**

Plaintiff requested that Equifax and Experian reinvestigate the disputed information and correct their reporting.

**ANSWER:**

Equifax admits that on September 27, 2025, it received a letter from Plaintiff concerning the US Bank account, the contents of which speak for themselves.

**The Credit Bureau Defendants' Responses to Plaintiff's September 2025 Disputes**

**COMPLAINT ¶73:**

Equifax and Experian, respectively, sent ACDVs to US Bank regarding the disputed mortgage tradeline, account number ending 6251.

325586633v.1

**ANSWER:**

Equifax admits that it contacted US Bank, via ACDV, in connection with its investigation

of Plaintiff's dispute received on September 27, 2025.

**COMPLAINT ¶74:**

US Bank verified for both of the Credit Bureau Defendants that the US Bank mortgage tradeline was accurately reporting on Plaintiff's credit report.

**ANSWER:**

Equifax admits the allegations in this paragraph.

**COMPLAINT ¶75:**

On October 6, 2025, Equifax sent dispute results to Plaintiff stating that "[EQUIFAX HAS] VERIFIED THAT THIS ITEM HAS BEEN REPORTED CORRECTLY" and that it again failed to remove the "Account Paid After Foreclosure Started" notation from its reporting of Plaintiff's US Bank mortgage tradeline.

**ANSWER:**

Equifax admits that on October 6, 2025, it sent Plaintiff reinvestigation results, the contents

of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶76:**

On October 8, 2025, Experian sent dispute results to Plaintiff stating that "the company that reported the information has certified to Experian that the information is accurate. This item has not changed as a result of our processing of your dispute" and that the tradeline still reported "Foreclosure Started" in September 2022.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶77:**

By failing to consider all of the supporting information and documentation Plaintiff provided with her dispute letters and correct their inaccurate reporting of Plaintiff's US Bank mortgage tradeline, Equifax and Experian failed to conduct a reasonable reinvestigation of Plaintiff's September 2025 disputes, or any reinvestigation whatsoever, to determine whether the

325586633v.1

disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶78:**

By failing to correct its inaccurate reporting of Plaintiff's US Bank tradeline as having been in foreclosure and communicate the same to the Credit Bureau Defendants, US Bank failed to conduct a reasonable investigation of the disputed information and failed to review all relevant information made available to it by Plaintiff and the Credit Bureau Defendants, in violation of 15 U.S.C. § 1681s-2(b)

**ANSWER:**

Equifax denies the allegations in this paragraph.

**Plaintiff's Third Dispute with the Credit Bureau Defendants in January 2026**

**COMPLAINT ¶79:**

On or about January 26, 2026, Plaintiff sent, for a third time, via certified mail, letters to Equifax and Experian, respectively, disputing US Bank's inaccurate reporting of her and her husband's mortgage as having started foreclosure.

**ANSWER:**

Equifax admits that on February 2, 2026, it received a letter from Plaintiff concerning the US Bank account, the contents of which speak for themselves. Equifax denies reporting inaccurate information.

**COMPLAINT ¶80:**

Plaintiff provided sufficient personal identification information to verify her identity, a letter supporting the repayment plan the Lillies agreed to and complied with before foreclosure started, and a detailed explanation of the history of the mortgage, the forbearance, and why US Bank had never started foreclosure proceedings despite its inaccurate credit reporting to the contrary.

325586633v.1

**ANSWER:**

Equifax admits that on February 2, 2026, it received a letter from Plaintiff concerning the US Bank account, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶81:**

Plaintiff requested that Equifax and Experian reinvestigate the disputed information and correct their reporting.

**ANSWER:**

Equifax admits that on February 2, 2026, it received a letter from Plaintiff concerning the US Bank account, the contents of which speak for themselves.

**The Credit Bureau Defendants' Responses to Plaintiff's January 2026 Disputes**

**COMPLAINT ¶82:**

Equifax and Experian, respectively, sent ACDVs to US Bank regarding the disputed mortgage tradeline, account number ending 6251.

**ANSWER:**

Equifax admits that it contacted US Bank, via ACDV, in connection with its investigation of Plaintiff's dispute received on February 2, 2026.

**COMPLAINT ¶83:**

US Bank verified for both of the Credit Bureau Defendants that the US Bank mortgage tradeline was accurately reporting on Plaintiff's credit report.

**ANSWER:**

Equifax admits that it contacted US Bank, via ACDV, in connection with its investigation of Plaintiff's dispute received on February 2, 2026, and US Bank updated certain account information. Equifax denies the remaining allegations in this paragraph.

- 25 -

325586633v.1

**COMPLAINT ¶84:**

On February 11, 2026, Equifax sent dispute results to Plaintiff stating that "[EQUIFAX HAS] VERIFIED THAT THIS TIME HAS BEEN REPORTED CORRECTLY" and that it again failed to remove the "Account Paid After Foreclosure Started" notation from its reporting of Plaintiff's US Bank mortgage tradeline.

**ANSWER:**

Equifax admits that on February 11, 2026, it sent Plaintiff reinvestigation results, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶85:**

On February 25, 2026, Experian sent dispute results to Plaintiff stating that the disputed information had been updated, but further review showed that Experian was still reporting the US Bank mortgage tradeline as "Foreclosure Started" in September 2022.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶86:**

By failing to consider all of the supporting information and documentation Plaintiff provided with her dispute letters and correct their inaccurate reporting of Plaintiff's US Bank mortgage tradeline, Equifax and Experian failed to conduct a reasonable reinvestigation of Plaintiff's January 2026 disputes, or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶87:**

On multiple occasions within the two years immediately preceding the filing of this Complaint, the Credit Bureau Defendants published the inaccurate information regarding Plaintiff's US Bank mortgage tradeline to third party entities, which caused Plaintiff to be denied credit on multiple occasions.

**ANSWER:**

Equifax denies the allegations in this paragraph.

- 26 -

**COMPLAINT ¶88:**

This false negative credit history caused Plaintiff economic harm because it made her credit score and credit history, and consequently, credit worthiness, appear worse than it actually is.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶89:**

By failing to correct its inaccurate reporting of Plaintiff's US Bank tradeline as having been in foreclosure and communicate the same to the Credit Bureau Defendants, US Bank failed to conduct a reasonable investigation of the disputed information and failed to review all relevant information made available to it by Plaintiff and the Credit Bureau Defendants, in violation of 15 U.S.C. § 1681s-2(b)

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶90:**

As a standard practice, Equifax and Experian do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230-31 (D.N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

**ANSWER:**

Equifax denies the allegations in this paragraph. Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

- 27 -

**COMPLAINT ¶91:**

Consistent with their standard policies and procedures, Equifax and Experian automatically generated their "investigation" results once the furnisher, US Bank, provided its response to Plaintiff's disputes, verifying the foreclosure proceeding account status as accurate and belonging to Plaintiff, and no employee from Equifax or Experian took any additional steps to review the contents of Plaintiff's dispute letters or the supporting documentation attached thereto after the furnisher provided its responses to Plaintiff's numerous disputes.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶92:**

Instead, Equifax and Experian blindly accepted US Bank's incomplete version of the facts and continued to report the inaccurate, derogatory information on Plaintiff's credit reports.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶93:**

Equifax and Experian continue the practice of parroting the response from furnishers even though they have been repeatedly sued for failing to conduct reasonable investigations as required by the FCRA.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶94:**

Equifax and Experian do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶95:**

Instead, Equifax and Experian intentionally choose not to comply with the FCRA to lower their costs. Accordingly, Equifax and Experian's violations of the FCRA in this case are willful.

325586633v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶96:**

As a result of the Defendants' conduct, action, and inaction, Plaintiff suffered a range of actual damages including, without limitation, dissemination of false information regarding her credit activity and history to third parties; detriment to her credit rating; personal and business credit denials; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; loss of the ability to purchase and benefit from her good name and credit rating; and emotional distress including, but not limited to, stress; anxiety; loss of sleep; fear of financial ruin; and the mental and emotional pain, anguish, humiliation, embarrassment of false, negative credit information published to third party entities.

**ANSWER:**

Equifax denies the allegations in this paragraph.

## CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedure to Assure Maximum Possible Accuracy (First Claim For Relief Against Defendants Equifax and Experian)

**COMPLAINT ¶97:**

Plaintiff re-alleges and incorporates the allegations set forth above as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶98:**

Equifax and Experian violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the contents of the credit reports and credit files they published and maintain concerning Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

- 29 -

**COMPLAINT ¶99:**

As a result of Equifax and Experian's conduct, action, and inaction, Plaintiff suffered a range of actual damages including, without limitation, dissemination of false information regarding her credit activity and history to third parties; detriment to her credit rating; personal and business credit denials; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; loss of the ability to purchase and benefit from her good name and credit rating; and emotional distress including, but not limited to, stress; anxiety; loss of sleep; fear of financial ruin; and the mental and emotional pain, anguish, humiliation, embarrassment of false, negative credit information published to third party entities.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶100:**

Equifax and Experian's conduct, action, and inaction was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶101:**

Plaintiff is entitled to recover attorney's fees and costs from Equifax and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**COUNT II**
**15 U.S.C. § 1681i(a)(1)(A)**
**Failure to Perform Reasonable Reinvestigation (Second Claim For Relief Against Defendants Equifax and Experian)**

**COMPLAINT ¶102:**

Plaintiff re-alleges and incorporates the allegations set above as if fully stated herein.

325586633v.1

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶103:**

Equifax and Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to delete inaccurate information in Plaintiff's credit file after they received notice of such inaccuracies; by failing to conduct a reasonable reinvestigation of Plaintiff's disputes; by failing to forward all relevant information associated with Plaintiff's disputes to US Bank; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source they have reason to know is unreliable.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶104:**

As a result of Defendants Equifax and Experian's conduct, action, and inaction, Plaintiff suffered a range of actual damages including, without limitation, dissemination of false information regarding her credit activity and history to third parties; detriment to her credit rating; personal and business credit denials; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; loss of the ability to purchase and benefit from her good name and credit rating; and emotional distress including, but not limited to, stress; anxiety; loss of sleep; fear of financial ruin; and the mental and emotional pain, anguish, humiliation, embarrassment of false, negative credit information published to third party entities.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶105:**

Equifax and Experian's conduct, action, and inaction was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

325586633v.1

**COMPLAINT ¶106:**

Plaintiff is entitled to recover attorney's fees and costs from Equifax and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**COUNT III**
**15 U.S.C. § 1681s-2(b)**
**Failure to Conduct a Reasonable Investigation of the Disputed Information and Review all Relevant Information Provided by the Consumer (First Claim For Relief Against Defendant US Bank)**

**COMPLAINT ¶107:**

Plaintiff re-alleges and incorporates the allegations set forth above as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶108:**

Defendant US Bank published the negative entries to Defendants Equifax and Experian.

**ANSWER:**

Equifax admits that, at times, US Bank has furnished information to it concerning Plaintiff. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶109:**

Defendant US Bank violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of its inaccurate representations; by failing to review all relevant information regarding the same; by failing to accurately respond to Defendants Equifax and Experian; by failing to correctly report results of a reasonable investigation to Defendants Equifax and Experian; and by failing to permanently and lawfully correct its own internals records to prevent the re-reporting of its inaccurate representations to Defendants Equifax and Experian.

- 32 -

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶110:**

As a result of Defendant US Bank's conduct, action, and inaction, Plaintiff suffered a range of actual damages including, without limitation, dissemination of false information regarding her credit activity and history to third parties; detriment to her credit rating; personal and business credit denials; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; loss of the ability to purchase and benefit from her good name and credit rating; and emotional distress including, but not limited to, stress; anxiety; loss of sleep; fear of financial ruin; and the mental and emotional pain, anguish, humiliation, embarrassment of false, negative credit information published to third party entities.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶111:**

Defendant US Bank's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶112:**

Plaintiff is entitled to recover attorney's fees and costs from Defendant US Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325586633v.1

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

a) Determining that Defendants, jointly and severally, negligently and/or willfully violated the FCRA;

b) Awarding actual damages, statutory, and punitive damages as provided by the FCRA;

c) Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

d) Granting further relief, in law or equity, as this Court may deem appropriate and just.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**DEMAND FOR JURY TRIAL**

**COMPLAINT ¶113:**

Plaintiff demands a trial by jury.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

**FIRST DEFENSE**

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against it. Equifax is neither incorporated nor headquartered in North Carolina, and the conduct giving rise to Plaintiff's claim occurred outside of North Carolina and was not targeted at North Carolina.

- 34 -

## SECOND DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action; and

(3)     it recover such other and additional relief as the Court deems just and appropriate.

DATED:  June 22, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:  */s/ Vincent Smolczynski*
Vincent Smolczynski, N.C. Bar No. 59715
vsmolczynski@seyfarth.com
SEYFARTH SHAW LLP
300 S. Tryon Street, Suite 400
Charlotte, North Carolina  28202
Telephone:  (704) 925-6060
Facsimile:  (704) 946-6083

*Counsel for Defendant*
*Equifax Information Services LLC*

325586633v.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


*/s/ Vincent Smolczynski*
Vincent Smolczynski
*Counsel for Defendant*
*Equifax Information Services LLC*

325586633v.1